UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 5:21-cr-24-KDB |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| JOSEPH E. STASNEY | ) | |
| a/k/a Buddy Stasney | ) | |
| | ) | |

NOW COMES the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. The defendant, JOSEPH E. STASNEY, also known as Buddy Stasney ("STASNEY") owned a used car dealership in Lincolnton, North Carolina named Buddy Stasney Buick GMC Inc., and later named Buddy Stasney Automotive, Inc.

2. STASNEY negotiated the prospective sale and refinance of vehicles to customers of his car dealership ("customer-victims"). STASNEY then caused the customer-victims, and dealership employees on their behalf, to complete loan applications to finance the anticipated purchases and refinance transactions. However, the contemplated transactions were not completed.

3. STASNEY submitted and caused to be submitted the loan applications, containing misrepresentations regarding the current status and terms of the transactions and loans, purportedly on the customer-victims' behalf via electronic communications in interstate

commerce to PNC Bank. PNC Bank then funded the loans and issued the proceeds of the loans to STASNEY and his businesses based on the misrepresentations contained in the loan applications. STASNEY deposited, and caused to be deposited, the loan proceed checks from PNC Bank written to his car dealership into his car dealership bank account.

4. STASNEY falsely represented to the purchaser customer-victims that the loans had not been processed, when, in truth and in fact, the loans were processed and the customer-victims were obligated on the loans. STASNEY falsely represented to the refinancing customer-victims that their vehicles had been refinanced and that the proceeds of the loans were used to pay off the prior loans on their vehicles when, in truth and in fact, STASNEY had not paid off the customer-victims' prior loans and the customer-victims remained obligated on those loans.

5. STASNEY failed to use the funds as indicated on the loan applications to pay off the existing loans securing trade-in vehicles that customer-victims had provided to STASNEY as a credit toward the purchase price of another vehicle.

6. STASNEY took out loans in the names of some customer-victims without their knowledge or consent.

7. Once the fraudulent loan proceeds were deposited into the car dealership bank account, STASNEY diverted, and caused to be diverted via wire transfers and checks, among other means, some of the fraudulently obtained loan proceeds for unrelated business uses.

8. From in or about February 2015 through in or about December 2015, in Lincoln County, within the Western District of North Carolina, and elsewhere, STASNEY, with the intent to defraud, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce any writing, signal, picture, and sound, *to wit*, emails, text messages, telephone calls, electronic loan applications, wire transfers, and other electronic financial transactions in interstate commerce.

9. The amount of loss was in excess of $250,000.

10. In carrying out the above-referenced conduct, STASNEY acted with an intent to defraud.

WILLIAM T. STETZER
UNITED STATES ATTORNEY

*Caryn Finley*

Caryn Finley
ASSISTANT UNITED STATES ATTORNEY

_[signature]_

Graham Billings
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_[signature]_                                    DATED: 3/21/21

Chiege O. Kalu Okwara, Attorney for Defendant

3